IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| ANGELA FUELLING, Individually and as Personal Representative of the Estate of JAMES FUELLING | ) ) ) | |
| Plaintiff, | ) ) ) | **COMPLAINT** **(Jury Trial Demanded)** |
| v. | ) ) | |
| S&J LOGISTICS, LLC and JASON RICARDO GORDON, | ) ) ) | |
| Defendants. | ) ) ) | |

Plaintiff Angela Fuelling, individually and as Personal Representative of the Estate of James Fuelling ("Plaintiff"), by and through her undersigned attorneys, hereby complains of Defendants S&J Logistics, LLC ("S&J") and Jason Ricardo Gordon ("Gordon") (collectively, "Defendants") as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.     This is a civil action for damages arising out of a motor vehicle collision that occurred on January 4, 2022, on Interstate 85 near Gaffney in Cherokee County, South Carolina.

2.     Plaintiff is domiciled in and a citizen of the State of South Carolina.  Plaintiff is the duly appointed Personal Representative of the Estate of James Fuelling (the "Decedent") and has authority to bring this Wrongful Death action on behalf of the Decedent and his beneficiaries under the South Carolina Wrongful Death Act, S.C. Code Ann. § 15-51-10 *et seq*., and to bring this Survival action on behalf of the Estate of Decedent pursuant to S.C. Code Ann. § 15-5-90.

1

3.     Upon information and belief, Defendant S&J is a corporation organized and existing pursuant to the laws of the State of Connecticut with its principal place of business in the State of Connecticut.

4.     Upon information and belief, Defendant Gordon is domiciled in and a citizen and resident of the State of Georgia.

5.     The subject collision occurred while Defendant Gordon was operating a tractor-trailer in the course and scope of his employment with Defendant S&J, which owned or leased the tractor-trailer and at the time of the collision was actively engaged in its interstate trucking business under US DOT Number 3336114.

6.     The Court has specific personal jurisdiction over Plaintiff and Defendant Gordon as the Decedent and Gordon were operating vehicles in this District at the time of the collision, and over Defendant S&J which employed Defendant Gordon and was actively engaged in business directly related to the collision.

7.     The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), as there is complete diversity among the parties and Plaintiff's damages exceed Seventy-Five Thousand and No/100 Dollars ($75,000.00), exclusive of interest and costs.

8.     Pursuant to 28 U.S.C. § 1332(b) and Local Civil Rule 3.01(A)(1), venue is proper in the Spartanburg Division because the most substantial part of the acts and omissions giving rise to this claim occurred in Cherokee County, South Carolina.

## FACTS

9.     On January 4, 2022, the Decedent was a front-seat passenger in a 2015 Toyota pick-up truck being operated by his co-worker, Michael Geese ("Geese"), in the northbound lanes on Interstate 85 in Cherokee County, South Carolina.

2

10.     At approximately 4:00 p.m., at or around mile marker 98 on I-85, Geese came upon slowed or stopped traffic in the northbound lanes and slowed or brought his vehicle to a complete stop in accordance with the heavy traffic conditions.

11.     At the same time, Defendant Gordon was operating Defendant S&J's tractor-trailer in the northbound lanes on I-85 some distance behind Geese's vehicle.  For some period prior to encountering the stopped traffic around mile marker 98, Defendant Gordon was driving carelessly and erratically as described by eyewitnesses.

12.     Rather than slowing down or bringing Defendant S&J's tractor-trailer to a stop as he approached the heavy traffic conditions, Defendant Gordon rear-ended Geese's vehicle at approximately 55 miles per hour.

13.     At the time of the collision, Defendant Gordon was acting in the course and scope of his employment with Defendant S&J, which owned or leased the tractor-trailer.

14.     As a direct and proximate result of the collision, the Decedent suffered great physical harm, pain and suffering, and injuries, and ultimately died as a result.

15.     Upon information and belief, Defendants' breaking system on the subject tractor-trailer, in whole or in part, may not have been not functioning properly at the time of the incident, and Defendants either knew or should have known about these issues.

### **FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS**
**(*Negligence/Gross Negligence/Recklessness, Negligence Per Se, Respondeat Superior*)**

16.     Plaintiff realleges the foregoing paragraphs as if set forth fully herein.

17.     Defendant Gordon owed a duty to Plaintiff and the Decedent to operate his tractor-trailer in a safe and reasonable manner, and in accordance with state and federal law.

3

18.     Defendant Gordon breached his duty to use due care or even slight care in operating his tractor-trailer, and he was negligent, negligent *per se*, grossly negligent, reckless, willful, and wanton in numerous particulars, including but not limited to:

   a.   failing to maintain proper control of his vehicle;

   b.   failing to keep a proper lookout;

   c.   driving while inattentive or distracted;

   d.   failing to properly apply brakes;

   e.   driving at an excessive and unreasonable rate of speed under the conditions;

   f.   failing to operate the vehicle in a safe manner;

   g.   acting in violation of applicable state and federal statutes and regulations;

   h.   acting in violation of FMCSA's regulations and industry standards;

   i.   failing to use the degree of care and caution that a reasonable and prudent person would have used under the circumstances;

   j.   failing to properly maintain, inspect, and/or service his tractor-trailer and the component parts, including but not limited to the brakes of the tractor-trailer; and

   k.   in such other and further particulars as discovery may reveal.

19.     Defendant S&J is vicariously liable for all acts and omissions of Defendant Gordon pursuant to the doctrine of *respondeat superior*.

20.     As a direct and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Defendants, the Decedent experienced severe injuries, conscious pain and suffering, and mental anguish prior to his death.

21.     As a direct and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Defendants, the Decedent's beneficiaries, as represented

by Plaintiff, have suffered injuries which have caused, and in the future will cause, the beneficiaries to suffer on or more of the following elements of damages:

     a.   pecuniary loss;

     b.   mental shock and suffering;

     c.   wounded feelings;

     d.   grief and sorrow;

     e.   loss of companionship; and

     f.   deprivation of use and comfort of the Decedents' society.

22.    Due to the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Defendants, Plaintiff is entitled to recover actual and punitive damages as determined by a jury.

## FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (*Wrongful Death*)

23.    Plaintiff realleges the foregoing paragraphs as if set forth fully herein.

24.    As a direct and proximate cause of Defendants' negligence, negligence *per se*, recklessness, willfulness, and/or wantonness as set forth herein, Plaintiff and all statutory beneficiaries of the Decedent have lost the comfort, society, and companionship of the Decedent, have suffered severe and extreme emotional distress, anxiety, grief, and sorrow, and have incurred funeral and burial expenses for which Plaintiff is entitled to recover damages on behalf of the Decedent's statutory beneficiaries against both Defendants, jointly and severally.

25.    Plaintiff is entitled to an award of punitive damages against each Defendant for the wrongful death of the Decedent.

26.    Plaintiff is entitled to an award of prejudgment interest against Defendants, jointly and severally, for all liquidated damages on the wrongful death claim.

## FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (*Survival*)

27.     Plaintiff realleges the foregoing paragraphs as if set forth fully herein.

28.     As a direct and proximate cause of Defendants' negligence, negligence *per se*, recklessness, willfulness, and/or wantonness as set forth herein, Decedent was forced to endure great conscious pain and suffering prior to his death, and Plaintiff is entitled to an award of actual, consequential, and incidental damages against Defendants, jointly and severally, for these survival damages.

29.     Plaintiff is entitled to an award of prejudgment interest against Defendants, jointly and severally, for all liquidated damages on the survival claim.

WHEREFORE, Plaintiff prays for judgments against Defendants S&J Logistics, LLC and Jason Ricardo Gordon, jointly and severally, for actual, consequential, and incidental damages caused by their acts and omissions; for punitive damages; for the costs of this action; and for such other and further relief as this Court deems just and proper.

YARBOROUGH APPLEGATE, LLC

291 East Bay Street, Floor 2
Charleston, South Carolina 29401
(843) 972-0150 Office
(843) 277-6691 Fax
liam@yarborougapplegate.com
douglas@yarboroughapplegate.com

s/ Liam D. Duffy
Douglas E. Jennings (Fed ID # 11348)
Liam D. Duffy (Fed ID # 12249)

***AND***

6

**DAVID W. MARTIN LAW GROUP**
David W. Martin (Fed ID # 13673)
108 Springs Street
Fort Mill, SC 29715
(803) 855-1838
david@davidwmartinlaw.com

*Attorneys for Plaintiff*

March 18, 2022
Charleston, South Carolina