UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| ANGELA FUELLING, Individually and, As Personal Representative of the Estate of JAMES FUELLING,<br><br>Plaintiff,<br><br>vs.<br><br>PRATT INDUSTRIES, INC.; PRATT (JET CORR), INC.; PRATT LOGISTICS LLC; ECHO GLOBAL LOGISTICS, INC.; S&J LOGISTICS, LLC; AND JASON RICARDO GORDON,<br><br>Defendants. | CIV. ACTION NO. 7:22-cv-00905-HMH<br><br><br>ANSWER AND CROSSCLAIM OF DEFENDANT ECHO GLOBAL LOGISTICS, INC. |

Answering the Amended Complaint of the Plaintiff, Defendant Echo Global Logistics, Inc. ("Echo"), would allege and say as follows:

1. Each and every allegation of the Amended Complaint not specifically admitted is denied.

2. Paragraph 1 of the Amended Complaint is a generalized statement of the purpose of Plaintiff's Amended Complaint to which no response is required. To the extent that any response is required, Defendant denies the allegations in the Paragraph and denies all liability.

3. This Defendant lacks sufficient information or knowledge upon which to base a belief as to the truth of the allegations contained in Paragraphs 2, 3, 4, 5 and 6 of the Amended Complaint and, therefore, can neither admit nor deny these allegations.

4. Answering the allegations contained in Paragraph 7 of the Amended Complaint, this Defendant would admit that it is a corporation organized and existing pursuant to the laws of the State of Delaware with its principal place of business located in the State of Illinois. This

1

Defendant would further admit that Echo offers a variety of logistics and transportation related services, but would specifically allege that its only involvement in the transaction giving rise to this Amended Complaint was as a transportation property broker authorized by the Federal Motor Carrier Safety Administration ("FMCSA") to arrange for the transportation of freight. The remaining allegations contained in Paragraph 7 of the Amended Complaint, as well as any allegations contained in Paragraph 7 of the Amended Complaint inconsistent with the above, are denied.

5. The allegations contained in Paragraphs 8 and 9 of the Amended Complaint are, upon information and belief, admitted.

6. The allegations contained in Paragraphs 10, 11, 12 and 13 of the Amended Complaint constitute legal conclusions which this Defendant is not required to admit or deny. This Defendant does not, however, contest jurisdiction or venue in this Court.

7. This Defendant lacks sufficient information or knowledge upon which to base a belief as to the truth of the allegations contained in Paragraphs 14 and 15 of the Amended Complaint and, therefore, can neither admit nor deny these allegations.

8. Answering the allegations contained in Paragraph 16 of the Amended Complaint, this Defendant would admit that it was contacted to arrange transportation of a shipment on behalf of Pratt Defendants. This Defendant lacks sufficient information or knowledge upon which to base a belief as to the truth of the allegations contained in Paragraph 16 of the Amended Complaint as to the fleets of the Pratt Defendants or their decision making and, therefore, can neither admit nor deny these allegations. The remaining allegations contained in Paragraph 16 of the Amended Complaint, as well as any allegations contained in Paragraph 16 of the Amended Complaint inconsistent with the above, are denied.

9. Answering the allegations contained in Paragraph 17 of the Amended Complaint, this Defendant would admit that, in its capacity as a transportation property broker, it agreed to arrange for the transportation of a load to the Pratt Retail facility in East Greenville, Pennsylvania. The remaining allegations contained in Paragraph 17 of the Amended Complaint, as well as any allegations contained in Paragraph 17 of the Amended Complaint inconsistent with the above, are denied.

10. Answering the allegations contained in Paragraph 18 of the Amended Complaint, this Defendant would admit that some documents contained in this Paragraph 18 reflect Defendant's name, but this Defendant denies that it was the motor carrier or intended to act as a motor carrier. The remaining allegations contained in Paragraph 18 of the Amended Complaint, as well as any allegations contained in Paragraph 18 of the Amended Complaint inconsistent with the above, are denied. This Defendant would further crave reference to the excerpted documents included in Paragraph 18 of the Amended Complaint for their full and complete content.

11. The allegations contained in Paragraph 19 of the Amended Complaint are denied.

12. Answering the allegations contained in Paragraph 20 of the Amended Complaint, this Defendant would admit that, in its capacity as a transportation property broker, it booked the load on or about January 3, 2022 with S&J Logistics, LLC ("S&J") pursuant to the terms and conditions of a Broker-Carrier Agreement between Echo and S&J and the Load Confirmation issued by Echo. The remaining allegations contained in Paragraph 20 of the Amended Complaint, as well as any allegations contained in Paragraph 20 of the Amended Complaint inconsistent with the above, are denied.

13. Answering the allegations contained in Paragraph 21 of the Amended Complaint, this Defendant would admit that, in its capacity as a transportation property broker and subject to

the applicable terms and conditions, it acts as an intermediary between the Shipper and the Carrier for purposes of convenience and information and for which it receives compensation, but would specifically allege that it does not exercise or retain any control over the Carrier, its operations or employees. This Defendant would further crave reference to the excerpted documents referenced in Paragraph 21 of the Amended Complaint for their full and complete content. The remaining allegations contained in Paragraph 21 of the Amended Complaint, as well as any allegations contained in Paragraph 21 of the Amended Complaint inconsistent with the above, are denied.

14. The allegations contained in Paragraph 22 of the Amended Complaint are denied.

15. Answering the allegations contained in Paragraph 23 of the Amended Complaint, this Defendant would admit that Echo utilizes a quality program to carefully select carriers and further affirmatively alleges that it properly vets and monitors motor carriers onboarded into its network on a variety of criteria. The remaining allegations contained in Paragraph 23 of the Amended Complaint, as well as any allegations contained in Paragraph 23 of the Amended Complaint inconsistent with the above, are denied.

16. The allegations contained in Paragraphs 24, 25 and 26 of the Amended Complaint are denied.

17. This Defendant lacks sufficient information or knowledge upon which to base a belief as to the truth of the allegations contained in Paragraph 27 of the Amended Complaint and, therefore, can neither admit nor deny these allegations.

18. The allegations contained in Paragraphs 28, 29 and 30 of the Amended Complaint constitute legal conclusions which this Defendant is not required to admit nor deny. This Defendant would also crave reference to the regulations referenced in these allegations for their full and complete content.

19. This Defendant lacks sufficient information or knowledge upon which to base a belief as to the truth of the allegations contained in Paragraphs 31, 32, 33, 34, 35, 36 and 37 of the Amended Complaint and, therefore, can neither admit nor deny these allegations.

20. Answering the allegations contained in Paragraph 38 of the Amended Complaint, this Defendant would, upon information and belief, admit that the Plaintiff's decedent died at the accident scene. This Defendant lacks sufficient information or knowledge upon which to base a belief as to the truth of the remaining allegations contained in Paragraph 38 of the Amended Complaint and, therefore, can neither admit nor deny these allegations.

21. This Defendant lacks sufficient information or knowledge upon which to base a belief as to the truth of the remaining allegations contained in Paragraph 39 of the Amended Complaint and, therefore, can neither admit nor deny these allegations.

22. Answering the allegations contained in Paragraph 40 of the Amended Complaint, this Defendant would, upon information and belief, admit that Gordon was a Class A licensed motor vehicle operator. The remaining allegations contained in Paragraphs 40 of the Amended Complaint constitute legal conclusions which this Defendant is not required to admit nor deny. This Defendant would also crave reference to the authorities referenced in these allegations for their full and complete content.

23. Answering the allegations contained in Paragraph 41 of the Amended Complaint, this Defendant would admit that Echo is, and was at the relevant time, a transportation property broker authorized by the FMCSA. The remaining allegations contained in Paragraphs 41 of the Amended Complaint constitute legal conclusions which this Defendant is not required to admit nor deny. This Defendant would also crave reference to the authorities referenced in these allegations for their full and complete content.

24. The allegations contained in Paragraph 42 of the Amended Complaint constitute legal conclusions which this Defendant is not required to admit nor deny. This Defendant would also crave reference to the authorities referenced in these allegations for their full and complete content.

25. This Defendant lacks sufficient information or knowledge upon which to base a belief as to the truth of the allegations contained in Paragraph 43 of the Amended Complaint and, therefore, can neither admit nor deny these allegations.

26. Answering the allegations contained in Paragraph 44 of the Amended Complaint, this Defendant would admit that, in its capacity as a transportation property broker and subject to the applicable terms and conditions, it arranged for the transportation of the load. The remaining allegations contained in Paragraph 44 of the Amended Complaint, as well as any allegations contained in Paragraph 44 of the Amended Complaint inconsistent with the above, are denied.

27. Answering the allegations contained in Paragraph 45 of the Amended Complaint, this Defendant would, upon information and belief admit that Gordon was the agent, servant, and/or employee of S&J Logistics and was acting in the course and scope of his employment and under the direction, control, and authority of that Defendant. The remaining allegations contained in Paragraph 45 of the Amended Complaint, as well as any allegations contained in Paragraph 45 of the Amended Complaint inconsistent with the above, are denied.

28. The allegations contained in Paragraphs 46 and 47 of the Amended Complaint are denied.

29. Answering the allegations contained in Paragraph 48 of the Amended Complaint, this Defendant would admit that S&J Logistics possessed the right and power to direct and control Gordon in the performance of the work and in the manner in which the work was to be performed.

The remaining allegations contained in Paragraph 48 of the Amended Complaint, as well as any allegations contained in Paragraph 48 of the Amended Complaint inconsistent with the above, are denied.

30.     Answering the allegations contained in Paragraph 49 of the Amended Complaint, this Defendant would admit that Gordon was the actual and/or statutory employee and/or agent of S&J Logistics. The remaining allegations contained in Paragraph 49 of the Amended Complaint, as well as any allegations contained in Paragraph 49 of the Amended Complaint inconsistent with the above, are denied.

31.     The allegations contained in Paragraph 50 of the Amended Complaint constitute legal conclusions which this Defendant is not required to admit nor deny.  To the extent to which a response is required, this Defendant would specifically deny that Echo is liable for the negligent acts or omissions of Defendant Gordon under the common law theories of respondeat superior, agency, master/servant liability, and vicarious liability.

32.     The allegations contained in Paragraphs 51, 52, 53, 54 and 55 of the Amended Complaint constitute legal conclusions which this Defendant is not required to admit nor deny. This Defendant would also crave reference to the authorities referenced in these allegations for their full and complete content.

33.     The allegations contained in Paragraph 56 of the Amended Complaint are denied.

34.     Answering the allegations incorporated in Paragraph 57 of the Amended Complaint, this Defendant would reallege and reassert its answers to allegations contained in Paragraphs 1 – 56 of the Amended Complaint as if fully set herein verbatim.

35.     The allegations contained in Paragraph 58 of the Amended Complaint constitute legal conclusions which this Defendant is not required to admit nor deny.

36. The allegations contained in Paragraphs 59, 60, 61, 62, 63 and 64 of the Amended Complaint are denied.

37. Answering the allegations incorporated in Paragraph 65 of the Amended Complaint, this Defendant would reallege and reassert its answers to allegations contained in Paragraphs 1 – 64 of the Amended Complaint as if fully set herein verbatim.

38. The allegations contained in Paragraphs 66, 67, 68, 69, 70 and 71 of the Amended Complaint are denied.

39. Answering the allegations incorporated in Paragraph 72 of the Amended Complaint, this Defendant would reallege and reassert its answers to allegations contained in Paragraphs 1 – 71 of the Amended Complaint as if fully set herein verbatim.

40. The allegations contained in Paragraphs 72, 73, 74, 75 and 76 of the Amended Complaint are denied.

41. Answering the allegations contained in Paragraph 77 of the Amended Complaint, this Defendant would admit that the FMCSA does make information about motor carriers, like S&J Logistics, available online. The remaining allegations contained in Paragraph 77 of the Amended Complaint, as well as any allegations contained in Paragraph 77 of the Amended Complaint inconsistent with the above, are denied.

42. The allegations contained in Paragraphs 78, 79, 80, 81, 82, 83 and 84 of the Amended Complaint are denied.

43. Answering the allegations incorporated in Paragraph 85 of the Amended Complaint, this Defendant would reallege and reassert its answers to allegations contained in Paragraphs 1 – 84 of the Amended Complaint as if fully set herein verbatim.

44. The allegations contained in Paragraphs 86 and 87 of the Amended Complaint are

denied.

45. Answering the allegations incorporated in Paragraph 88 of the Amended Complaint, this Defendant would reallege and reassert its answers to allegations contained in Paragraphs 1 – 87 of the Amended Complaint as if fully set herein verbatim.

46. The allegations contained in Paragraph 89, those being the remaining allegations of the Amended Complaint, are denied.

<u>FURTHER ANSWERING THE AMENDED COMPLAINT OF THE PLAINTIFF, AND AS AN AFFIRMATIVE DEFENSE THERETO, THIS DEFENDANT WOULD ALLEGE AND SAY AS FOLLOWS:</u>

47. The services performed by Echo for any of the Pratt Defendants in relation to the events and transactions at issue were provided by Echo subject to agreement to Echo's Terms and Conditions that were referenced, made available, incorporated into and constituted a part of any contract under which Echo performed said services. Any defenses available under these Terms and Conditions are affirmatively pleaded and asserted.

<u>FURTHER ANSWERING THE AMENDED COMPLAINT OF THE PLAINTIFF, AND AS AN AFFIRMATIVE DEFENSE THERETO, THIS DEFENDANT WOULD ALLEGE AND SAY AS FOLLOWS:</u>

48. The carriage of goods at issue was performed pursuant to the Broker-Carrier Agreement between Echo and S&J. Any defenses available under this Broker-Carrier Agreement are affirmatively pleaded and asserted.

<u>FURTHER ANSWERING THE AMENDED COMPLAINT OF THE PLAINTIFF, AND AS AN AFFIRMATIVE DEFENSE THERETO, THIS DEFENDANT WOULD ALLEGE AND SAY AS FOLLOWS:</u>

49. All claims asserted against Echo are expressly preempted pursuant to 49 U.S.C. §14501(c)(1).

<u>FURTHER ANSWERING THE AMENDED COMPLAINT OF THE PLAINTIFF, AND AS AN AFFIRMATIVE DEFENSE THERETO, THIS DEFENDANT WOULD ALLEGE AND SAY AS FOLLOWS:</u>

50.  The damages, if any, were proximately caused by the negligence or wrongful conduct of those outside the responsibility or control of this Defendant.

<u>FURTHER ANSWERING THE AMENDED COMPLAINT OF THE PLAINTIFF, AND AS AN AFFIRMATIVE DEFENSE THERETO, THIS DEFENDANT WOULD ALLEGE AND SAY AS FOLLOWS:</u>

51.  This Defendant reserves the right to seek apportionment of damages pursuant to S.C. Code of Laws sec. 15-38-15, if appropriate.

<u>FURTHER ANSWERING THE AMENDED COMPLAINT OF THE PLAINTIFF, AND AS AN AFFIRMATIVE DEFENSE THERETO, THIS DEFENDANT WOULD ALLEGE AND SAY AS FOLLOWS:</u>

52.  Whatever injuries and damages may have been sustained by the Plaintiff were due to superseding and/or intervening causes beyond the control of this Defendant.

<u>FURTHER ANSWERING THE AMENDED COMPLAINT OF THE PLAINTIFF, AND AS AN AFFIRMATIVE DEFENSE THERETO, THESE DEFENDANTS WOULD ALLEGE AND SAY AS FOLLOWS:</u>

53.  To the extent punitive damages are claimed, this Defendant demands, pursuant to S.C. Code of Laws sec. 15-32-530, et seq., that said damages, if any, be limited to three (3) times the amount of any compensatory damages, or the sum of $500,000.00, whichever is greater, if any.

<u>FURTHER ANSWERING THE AMENDED COMPLAINT OF THE PLAINTIFF, AND AS AN AFFIRMATIVE DEFENSE THERETO, THE DEFENDANT WOULD ALLEGE AND SAY AS FOLLOWS:</u>

54.  Plaintiff's claim for punitive damages and any award thereof, violates the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the due process clause of Article I, Section 3 of the South Carolina Constitution. Any claim by Plaintiff for punitive damages against this Defendant cannot be sustained because:

    a. Any award of punitive damages under South Carolina law (1) without bifurcating the trial of all punitive damages issues; (2) for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by South Carolina law; (3) without proof of every element beyond a reasonable doubt; and/or (4) that is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive damages that a jury may impose would violate this Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the South Carolina Constitution;

    b. An award of punitive damages under South Carolina law by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damages award, (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the alleged corporate status of this Defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate this Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment, and by the South Carolina Constitution's provisions providing due process, equal protection, and a guaranty against double jeopardy;

  c. An award of punitive damages under state law without the same protections that are accorded to all criminal defendants, including protection against unreasonable searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses, a speedy trial and the effective assistance of counsel would violate this Defendant's rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment and the South Carolina Constitution's provisions providing for due process and the rights to confront witnesses, a speedy trial and effective assistance of counsel and protection against unreasonable searches and seizures, double jeopardy and compelled self-incrimination; and/or,

  d. Any award of punitive damages based on anything other than this Defendant's conduct in connection with the specific incident that is the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the South Carolina Constitution's provisions providing for due process and a guaranty against double jeopardy, because any other judgment for punitive damages in this case cannot protect this Defendant against impermissible multiple punishment for the same wrong.

<u>FURTHER ANSWERING THE AMENDED COMPLAINT OF THE PLAINTIFF, AND AS AN AFFIRMATIVE DEFENSE THERETO, THIS DEFENDANT WOULD ALLEGE AND SAY AS FOLLOWS:</u>

55. The Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted and is subject to dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## AS A CROSSCLAIM AGAINST DEFENDANT S&J LOGISTICS, LLC, THIS DEFENDANT WOULD ALLEGE AND SAY AS FOLLOWS:

56.     The allegations contained in Paragraph 4 of this Answer are hereby repeated and incorporated herein.

57.     Upon information and belief, Defendant S&J LOGISTICS, LLC ("S&J") is a limited liability company formed in the State of Connecticut with its principal place of business at 79 Bliss Street, East Harford, CT 06108.

58.     Upon information and belief, the sole member of S&J at the time of the accident was Simone McDougal, a resident of Georgia.

59.     On April 21, 2021, Echo and S&J entered into a Broker-Carrier Agreement and said Agreement was in place in January 2022. A copy of said Agreement is attached hereto and incorporated herein as Exhibit A.

60.     Pursuant to Section 14 of the Broker-Carrier Agreement, S&J is obligated to defend, indemnify and hold harmless Echo and its clients against any claims, lawsuits or damages arising out of or any way related to its performance or breach thereof.

61.     This indemnity and defense obligation is defined by the Broker-Carrier Agreement as including all costs of defense and reasonable attorneys' fees.

62.     To the extent to which Echo is exposed to liability to the Plaintiff, Echo is entitled pursuant to the Broker-Carrier Agreement to be indemnified by S&J to the full extent of any damages awarded to the Plaintiff, together with the attorneys' fees and costs incurred in the defense of this action.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, this Defendant prays:

(1)     That Plaintiff's Amended Complaint be dismissed together with the costs

and disbursements of this action;

  (2) That, in the alternative, judgment be entered against the Defendant S&J on behalf of the Defendant Echo to the full extent of any damages awarded to the Plaintiff, together with the attorneys' fees and costs incurred in the defense of this action; and

  (3) That the Court award such other and further relief as it may deem just and equitable.

          WOMBLE BOND DICKINSON (US) LLP

          By: s/David M. Collins
           David M. Collins, Esq., Fed ID. 223
           Sean D. Houseal, Esq., Fed ID 7676
          5 Exchange Street
          P.O. Box 999
          Charleston, SC  29402-0999
          Phone:  843-722-3400
          Fax:  843-723-7398
          David.Collins@wbd-us.com
          Sean.Houseal@wbd-us.com

          Attorneys for Defendant Echo Global Logistics, Inc.

January 9, 2023