IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

ANGELA FUELLING, Individually and as Personal Representative of the Estate of JAMES FUELLING,

Plaintiff,

v.

PRATT INDUSTRIES, INC.; PRATT (JET CORR), INC.; PRATT LOGISTICS, LLC; ECHO GLOBAL LOGISTICS, INC; S&J LOGISTICS, LLC; AND JASON RICARDO GORDON

Defendants.

C/A No.: 7:22-cv-00905-HMH

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL DEFENDANT ECHO GLOBAL LOGISTICS, INC.**

Plaintiff hereby submits this Reply to Defendant Echo Global Logistics Inc.'s ("Defendant Echo") Response in opposition to Plaintiff's March 2, 2023 Motion to Compel. (ECF No. 68). As correctly noted in Defendant Echo's March 16, 2023 Response (ECF No. 69), on March 15, 2023 Defendant Echo provided objections and responses to Plaintiff's initial discovery requests (which were served on January 25, 2023). **Ex. A, Defendant Echo's Objections & Responses.** However, Plaintiff respectfully disagrees with Defendant Echo's assertion that her Motion to Compel is rendered "moot" by the provision of Defendant Echo's discovery responses, particularly where, as here, those responses contain a number of deficiencies and/or improper objections. Therefore, Plaintiff submits this Reply memorandum to clarify the outstanding issues which remain as of this date, and, therefore, still require resolution from the Court.

Plaintiff's counsel received Defendant Echo's discovery responses at 6:55 p.m. on March 15, 2023. At 11:06 a.m. the next day, March 16, 2023, Plaintiff's counsel emailed Defendant Echo's counsel outlining several deficiencies and improper objections contained within

Defendant Echo's responses and production. **Ex. B, 03/16/2023 Email from Plaintiff re: Discovery Deficiencies.** On March 21, 2023, Defendant Echo's counsel responded via email, addressing certain items raised by Plaintiff's counsel and stating that an additional response would be forthcoming from Defendant Echo's counsel regarding the other matters. **Ex. C, 3/21/2023 Email from Defendant Echo's Counsel**. As of the date of this filing, no further response or supplementation has been received by Plaintiff's counsel. Nevertheless, Plaintiff remains optimistic and will continue to work with Defendant Echo's counsel to resolve these issues. However, given the confines of the scheduling order and the imminent depositions of Defendant Echo's employees (scheduled for April 3rd), Plaintiff submits that the following discovery matters remain unresolved and outstanding under her Motion to Compel:

1. **<u>Defendant Echo's Responses to Plaintiff's Interrogatory No. 4 and Request for Production No. 7.</u>**

These requests generally seek identification and production of applicable insurance policies for Defendant Echo. In response, Defendant Echo has identified only a Progressive Insurance policy issued to Defendant S&J Logistics, under which Defendant Echo is being defended subject to a Reservation of Rights following an indemnity demand made by Defendant Echo on Defendant S&J Logistics. Defendant Echo has not produced any of its own insurance information or policies, which are applicable and triggered by the allegations of the Amended Complaint. Specifically, one of Plaintiff's claims against Defendant Echo is for "direct" negligence based on its conduct as a broker (if it is deemed as such) for negligently vetting, selecting, hiring, and/or retaining Defendant S&J Logistics. This claim would trigger Defendant Echo's general liability policy (rather than any automobile policy). Further, Progressive's Reservation of Rights letter issued to Defendant Echo (in response to its indemnity demand on Defendant S&J Logistics) recognizes this issue and notes that Plaintiff's direct negligence claim

against Defendant Echo falls outside of the coverage afforded under Progressive's commercial automobile policy. In short, Plaintiff seeks an order compelling Defendant Echo to produce its general liability insurance policy(ies).

2. **Defendant Echo's Response to Plaintiff's Request for Production No. 10.**

This request seeks any training materials, PowerPoint slides, handouts, videos, or other materials Defendant Echo uses in training its employees regarding the vetting, selection, monitoring, and hiring of motor carriers. Echo has interposed a number of objections including that this request "seeks documents that are not relevant to any party's claim or defense and not proportional to the needs of this case." Defendant Echo produced 11 pages of PDF material (but no PowerPoints, videos, etc.) subject to its objections. As of the date of this filing, it is unclear to Plaintiff if Defendant Echo is withholding additional material pursuant to its objections. Plaintiff seeks an order compelling production of the requested materials.

3. **Defendant Echo's Response to Plaintiff's Request for Production No. 29.**

This request seeks records of prior transactions and shipments brokered between Defendant Echo and Defendant S&J Logistics, which are required to be kept and maintained pursuant to 49 C.F.R. § 371.3. Defendant Echo has objected to producing these records. The scope of Plaintiff's request is very limited, as the evidence shows that Defendant S&J Logistics first began working with Defendant Echo in April 2021, just eight (8) months prior to the subject collision. The requested information concerning prior transactions and course of dealing between Defendant Echo and Defendant S&J Logistics is relevant to Plaintiff's claims against Defendant Echo, including whether Defendant Echo should have hired (and/or continued to use) Defendant S&J Logistics to haul freight. Under South Carolina law evidence of similar accidents, transactions, or happenings is admissible (and thus, discoverable) in South Carolina. *See Watson v. Ford Motor*

*Co.*, 389 S.C. 434, 453, 699 S.E.2d 169, 179 (2010) (among numerous other SC state & federal cases). Plaintiff seeks an order compelling production of the requested materials.

**4. <u>Defendant Echo's Response to Plaintiff's Request for Production No. 33</u>.**

This request seeks any internal company newsletters, e-blasts, emails, and other communications to employees discussing the need to carefully select motor carriers to transport goods "discussing the concepts of 'negligent selection' or 'negligent broker' or the potential for exposure related thereto." Given Defendant Echo's size in the marketplace of freight brokering, as well as its direct involvement as an Amicus party in the only "negligent selection" case to be presented to the United States Supreme Court (*Miller v. CH Robinson*), it seems unlikely that Defendant Echo's executives and/or employees would not have *any* emails or communications addressing or discussing these issues. Defendant Echo's response simply references its earlier response to Request for Production No. 10, which only references 11 PDF pages of training materials, but no emails or internal communications. Plaintiff seeks an order compelling production of the requested materials.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests the Court grant her Motion to Compel against Defendant Echo as to the remaining discovery items outlined above.

**[SIGNATURE FOLLOWS]**

**YARBOROUGH APPLEGATE, LLC**

291 East Bay Street, Floor 2
Charleston, South Carolina 29401
(843) 972-0150 Office
(843) 277-6691 Fax
liam@yarborougapplegate.com
douglas@yarboroughapplegate.com
john@yarboroughapplegate.com

s/ Liam D. Duffy
Liam D. Duffy (Fed ID # 12249)
Douglas E. Jennings (Fed ID # 11348)
John J. Dodds, IV (Fed ID # 12646)

***AND***

**DAVID W. MARTIN LAW GROUP**
David W. Martin (Fed ID # 13673)
108 Springs Street
Fort Mill, SC 29715
(803) 855-1838
david@davidwmartinlaw.com

*Attorneys for Plaintiff*

March 23, 2023
Charleston, South Carolina